Decided 15 August, 1904.

## WOLDENBERG *v.* BERG.

[77 Pac. 873.]

PARTNERSHIP — DISSOLUTION — PROFITS.

Where plaintiff and defendant entered into a partnership agreement— plaintiff to contribute the entire plant, and defendant, out of his share of the surplus earnings, to repay to him one half the expenditure therefor — the increase in the value of the plant is to be considered part of the profits, on a dissolution before the stipulated time, owing to their disagreement, as to which they were equally at fault.

From Harney: MORTON D. CLIFFORD, Judge.

Suit by Louis Woldenberg against Christian Berg for the dissolution of a partnership and an accounting.

Plaintiff appeals. The case was submitted on briefs under the proviso of Rule 16 of the Supreme Court: 35 Or. 587, 600. MODIFIED.

For appellant there was a brief over the names of *Thornton Williams* and *Biggs & Biggs.*

For respondent there was a brief over the name of *Parrish & Rembold.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is a suit for the dissolution of a partnership and an accounting. The parties entered into partnership relations by articles of agreement which provide that the business, consisting of the manufacture and sale of lager beer, steam beer, ale, and porter, in the Town of Burns, Harney County, Oregon, and to be conducted under the firm name of Woldenberg & Berg, shall commence March 26, 1898, and continue during the term of ten years; that the interest of the parties shall be equal, and that the profits and losses shall be shared accordingly between them; that Woldenberg shall contribute to the business the entire plant, with machinery fully equipped for brewing purposes; and that Berg shall repay him one half of the actual expenditure therefor out of his share of the surplus earnings, after deducting among other expenses, $30 per month each for plaintiff and defendant for personal use, Woldenberg to receive no interest on the excess of his investment above Berg. The business was entered upon in pursuance of the agreement, and was carried on with more or less success until September, 1901, when the parties disagreed, resulting in a discontinuance of the business, and on October 24th following this suit was instituted to wind up the affairs of the firm. Much testimony was taken, covering a very wide scope in the negotiations leading up to the forming of the partnership, the manner of conducting the business, keeping the books, and their final

disagreement, but the only matter that is particularly relevant is that which bears upon the disagreement and the accounting. It is clearly proven that the parties, owing to their differences of opinion as to the proper method of further promoting the business, could not longer operate in harmony, and hence it was necessary that the partnership affairs should be closed out. In this one party was not more at fault than the other, their mutual disproval each of the other's methods culminating in the necessity for a dissolution of their relations. Each of the parties has rendered a statement showing the condition of the business, but differing widely. The trial court adopted in the main the statement of the defendant, and we are impressed that it is the more nearly correct. It is impossible, owing to the negligent and irregular manner in which the books were kept, to reach a thoroughly satisfactory result. Defendant's statement is more in detail, reference being made to much data whereby it may be verified, yet our judgment is that it is inaccurate as to the item of money drawn by Woldenberg. As to this there is no reference to any account kept by either of the parties, and we prefer plaintiff's statement concerning it. We are unable to concur, however, with the trial court's conclusions of fact and law; and, that the result may be clearly understood, we make the following brief summary of our conclusions, from which the proper statement of facts may be deduced, and the decree formulated. As no good purpose can be subserved by a discussion of the testimony, we will not attempt it, but rest the case with as clear a statement of the account as we can make. Parenthetically, it should be observed that the parties also engaged in conducting a saloon in the Town of Burns during a portion of the time that they were in the brewery business, but the whole was considered and treated by them as one business, and the accounting has been conducted upon

that basis. No further special reference, therefore, need be made to the saloon business. And further, as preliminary to the general accounting, it should be stated that the entire period in which the parties were engaged as partners, to the date of the institution of this suit, is three years six months and twenty-eight days.

Under the agreement, each of the parties was entitled to an allowance of $30 per month for his personal use, which is properly an expenditure of the business. The total amount payable to each, therefore, was $1,288. Berg has drawn $1,798.30—a sum in excess of that to which he was entitled by $510.30. Woldenberg, on the other hand, has drawn but $1,178, leaving due him on his personal account, $110. Now, to the general statement:

The cost of the plant by invoice, substantially agreed to by the parties, is_____ $ 8,888 53

But as the value of the plant is, as practically conceded by plaintiff, $10,000, the cost value ceases to serve as a factor in determining the relative interest of the parties in the assets of the concern; the increase in value becoming a part of the profits of the investment.

The cash receipts from all sources are_____ $21,358 60

Accounts due the firm_____ 495 68

Value of the plant_____ 10,000 00

Total receipts and assets_____ $31,854 28

Upon the other hand, the total amount of moneys paid out is_____ $26,608 46

Accounts owing by the firm_____ 739 34

Amount due Woldenberg on personal allowance_____ 110 00

Total money paid out and liabilities_____ $27,457 80

From this should be deducted amount drawn by Berg above his personal allowance_____ 510 30

Balance actual expenditures and liabilities_____ $26,947 50

Deduct this amount from receipts and assets_____ $31,854 28

26,947 50

And we have_____ $ 4,906 78

as the profits realized, one half of which, or_____ 2,453 39

represents the earnings of each partner.

However, as the defendant has drawn $510.30 above his personal allowance under the articles of partnership, his interest remaining would be diminished by that sum, or ................................................. 1,943 09

The assets of the enterprise are:

| | |
|---|---:|
| Accounts due the firm | 495 68 |
| Value of the plant | 10,000 00 |
| Total | $10,495 68 |
| This total, less the defendant's interest | 1,943 09 |
| would represent the plaintiff's interest, viz. | $ 8,552 59 |

This gives us the proportional basis for final adjustment between the parties. It is necessary that the assets be sold, which will be the decree of the court, and the proceeds arising therefrom will be applied (1) to the payment of the costs and disbursements of this suit, including those arising in the trial court as well as this, and accruing costs incident to the closing up of the business; (2) to the payment of the liabilities of the firm, including $110 to plaintiff, and the remainder will be divided between the parties in the proportion of $\frac{1943.09}{10495.68}$ thereof to the defendant, and $\frac{8552.59}{10495.68}$ to the plaintiff.

The trial court allowed the defendant $30 per month during the entire time of the continuance of the litigation. This we deem to be error. If he was entitled to that sum, plaintiff was entitled to a like sum. When, however, they ceased to engage in business under their articles of partnership, neither was entitled to the stipulated amount for personal use, and the accounting should not include the item. Neither should there be any decree against the plaintiff's surety on the injunction bond for costs or other amount. The decree will declare a dissolution of partnership, and direct the appointment of a receiver to wind up the business and distribute the funds.        MODIFIED.